IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DENISE SACCHETTI,

        Plaintiff,

v.                                                                    CIVIL ACTION NO.  2:12-cv-01148

ETHICON, INC., et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER
*(Defendants' Motion for Summary Judgment)*

Pending before the court is the defendants' Motion for Summary Judgment [ECF No. 59]. As set forth below, the defendants' Motion is **GRANTED in part** and **DENIED in part**.

I.    Background

This case resides in one of seven MDLs assigned to the court by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 58,000 cases currently pending, approximately 28,000 of which are in the Ethicon, Inc. and Johnson & Johnson, Inc. ("Ethicon") MDL, MDL 2327. In an effort to efficiently and effectively manage this massive MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled

on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, the court ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 193, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-002327, Aug. 19, 2015, *available at http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html*. I completed this selection process four times and selected the plaintiff's case as a Wave 1 case.

## II. Legal Standards

### A. Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer

some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

  B.  Choice of Law

  Under 28 U.S.C. § 1407, this court has authority to rule on pretrial motions in MDL cases. The choice of law for these pretrial motions depends on whether they concern federal or state law:

> When analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located. When considering questions of state law, however, the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation.

*In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996) (internal citations omitted). To determine the applicable state law for a dispositive motion, I generally refer to the choice-of-law rules of the

jurisdiction where the plaintiff first filed her claim. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996) ("Where a transferee court presides over several diversity actions consolidated under the multidistrict rules, the choice of law rules of each jurisdiction in which the transferred actions were originally filed must be applied."); *In re Air Crash Disaster Near Chi., Ill.*, 644 F.2d 594, 610 (7th Cir. 1981); *In re Digitek Prods. Liab. Litig.*, MDL No. 2:08-md-01968, 2010 WL 2102330, at *7 (S.D. W. Va. May 25, 2010).

If a plaintiff files her claim directly into the MDL in the Southern District of West Virginia, however, as plaintiff did in this case, I consult the choice-of-law rules of the state in which the plaintiff was implanted with the product. *See Sanchez v. Boston Scientific Corp.*, 2:12-cv-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014) ("For cases that originate elsewhere and are directly filed into the MDL, I will follow the better-reasoned authority that applies the choice-of-law rules of the originating jurisdiction, which in our case is the state in which the plaintiff was implanted with the product.").

These principles compel application of Maryland law to the plaintiff's claims. In tort actions, Maryland "adheres to the *lex loci delicti* rule in analyzing choice of law problems." *Philip Morris Inc. v. Angeletti*, 752 A.2d 200, 230 (Md. 2000). Under this rule, a court must apply "the law of the state in which the alleged tort took place," *id.*, or, said differently, "the place where the last event required to give rise to the tort occurred," *Lab. Corp. of Am. v. Hood*, 911 A.2d 841, 844 (Md. 2006). Federal courts

4

have expounded on this view, finding that under Maryland's choice-of-law jurisprudence, "the law of the place of injury applies," which "is the place where the injury was suffered, not where the wrongful act took place." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 511 (4th Cir. 1986) (internal citation omitted). Here, the plaintiff received the TVT-O implantation surgery in Maryland. (Defs.' Mem. in Supp. of Mot. for Summ. J. at 2). Thus, the choice-of-law principles of Maryland guide this court's choice-of-law analysis.

### III. Analysis

Ethicon argues it is entitled to summary judgment because the plaintiff's legal theories are without evidentiary or legal support.

#### A. Consumer Fraud Statute

In Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment ("Pl.'s Response") [ECF No. 69], the plaintiff expressly withdraws her consumer fraud claim (Count XIII of her Amended Short Form Complaint). Accordingly, Ethicon's Motion with regard to this claim is **GRANTED**.

#### B. Strict Liability – Defective Product

In Maryland, "[a] product defect can arise from [1] the design of the product, [2] a deficiency in its manufacture, or [3] from the absence or inadequacy of instructions or warnings as to its safe and appropriate use." *Shreve v. Sears, Roebuck & Co.*, 166 F. Supp. 2d 378, 407 (D. Md. 2001).

Ethicon interprets plaintiff's claim for Count IV Strict Liability – Defective Product to allege something beyond a strict liability claim for either (1) design defect, (2) manufacturing defect, or (3) failure to warn, and Ethicon moves for summary judgment on the ground that those are the only three strict liability claims under Maryland law. Plaintiff's Response does not address this argument or clarify plaintiff's theory of recovery under Count IV. To the extent that plaintiff attempts to allege a strict liability claim beyond one of the three named above, Ethicon's motion is **GRANTED**. However, plaintiff's specific claim for manufacturing defect is discussed below in Section C and her specific claims for failure to warn, and design defect, are addressed below in Section J.

### C. Manufacturing Defect

Under Maryland law:

> A manufacturing defect claim . . . involves an examination of the conduct or procedures involved in the manufacturing and construction of the product. . . . [A] manufacturing defect claim cannot be established by simply presenting evidence that the product is defective at the time it left the manufacturer's control. To avoid defendants' motion for summary judgment, plaintiffs must offer evidence of some indication that the product at issue either was not manufactured in accordance with the product's design specifications or that during the manufacturing process the [product] was assembled improperly or that some other error occurred.

*Shreve v. Sears, Roebuck & Co.*, 166 F. Supp. 2d 378, 411 (D. Md. 2001) (citing *Singleton v. Int'l Harvester Co.*, 685 F.2d 112, 114 (4th Cir. 1981); *Phipps v. Gen. Motors Corp.*, 363 A.2d 955, 959 (Md. 1976)).

Here, the plaintiff has presented no evidence that the manufacturer of the implanted TVT-O deviated from the product's design specifications. Thus, drawing all inferences in the light most favorable to the plaintiff, the court **FINDS** that the plaintiff has not met her burden of producing "specific facts showing that there is a genuine [dispute] for trial." *Celotex*, 477 U.S. at 324. Ethicon's Motion regarding the plaintiffs' manufacturing defect claim is **GRANTED**.

### D. Breach of Implied Warranty

Maryland law provides for two types of implied warranties: (1) the implied warranty of merchantability and (2) the implied warranty of fitness for a particular purpose. *See* Md. Code Ann., Com. Law §§ 2-314, 2-315 (West). Privity is not required in a claim of breach of implied warranty involving personal injury, so long as it is reasonable to expect that a person would use, consume, or be affected by the product in question. Md. Code Ann., Com. Law § 2-318 cmt. 2 (West).

Ethicon moved for summary judgment on plaintiff's breach of warranty claims. Plaintiff responded with regard to breach of express warranty, but failed to respond with regard to breach of implied warranty, making it unclear which type of claim plaintiff is asserting. To the extent that plaintiff asserts a claim for breach of implied warranty of fitness for a particular purpose, that claim is discussed here. Ethicon's arguments regarding breach of express warranty and breach of implied warranty of merchantability are addressed below in Section J.

Maryland law defines the implied warranty of fitness for a particular purpose as follows:

> Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under [section 2-316] an implied warranty that the goods shall be fit for such purpose.

Md. Code Ann., Com. Law § 2-315 (West). The implied warranty of fitness for a particular use is different from the implied warranty of merchantability in that

> [a] "particular purpose" differs from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business whereas the ordinary purposes for which goods are used are those envisaged in the concept of merchantability and go to uses which are customarily made of the goods in question.

*Id.* cmt. 2 (West). Therefore, it is essential that a plaintiff allege a particular purpose that is *different* from the ordinary purposes of the TVT-O. *See Ford Motor Co. v. Gen. Accident Ins. Co.*, 779 A.2d 362, 378–79 (Md. 2001) (dismissing claim because plaintiff did not point to any particular purpose for which chassis cab was to be used, other than the ordinary purpose of being a vehicle).

The court **FINDS** that plaintiff has presented no evidence showing a particular purpose for using the TVT-O different from its ordinary purpose. Therefore, Ethicon's Motion on the plaintiffs' claim of breach of implied warranty of fitness for a particular purpose is **GRANTED**.

### E. Negligent Infliction of Emotional Distress

"Maryland does not recognize an independent tort for negligent infliction of emotional distress." *Miller v. Bristol–Myers Squibb Co.*, 121 F. Supp. 2d 831, 839 (D. Md. 2000) (citing *Bagwell v. Peninsula Reg'l Med. Ctr.*, 665 A.2d 297 (Md. Ct. Spec. App. 1995); *Marrs v. Marriott Corp.*, 830 F. Supp. 274 (D. Md. 1992)).

Plaintiff fails to respond to Ethicon's motion for summary judgment on this claim. Ethicon's motion on this point is **GRANTED**.

### F. Fraud

In Maryland:

> In order to recover damages in an action for fraud or deceit, a plaintiff must prove (1) that the defendant made a false representation to the plaintiff, (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth, (3) that the misrepresentation was made for the purpose of defrauding the plaintiff, (4) that the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation.

*Nails v. S & R, Inc.*, 639 A.2d 660, 668–89 (Md. 1994) (citations omitted).

Ethicon argues that plaintiff cannot establish the requisite elements of a fraud claim. Plaintiff's Response asks the court to look at the information "above, and in the reports of our general experts" (Pl.s' Resp. at 9) but plaintiff's arguments on this issue are conclusory and fail to include legal and factual citations that would aid the court in reviewing the record. After reviewing the record, and drawing all inferences in the light most favorable to the plaintiff, the court **FINDS** that the plaintiff has not

met her burden of producing "specific facts showing that there is a genuine [dispute] for trial." *Celotex*, 477 U.S. at 324. Ethicon's motion on this point is **GRANTED**.

### G. Fraudulent Concealment

The essential elements of fraudulent concealment in Maryland are:

> "(1) the defendant owed a duty to the plaintiff to disclose a material fact; (2) the defendant failed to disclose that fact; (3) the defendant intended to defraud or deceive the plaintiff; (4) the plaintiff took action in justifiable reliance on the concealment; and (5) the plaintiff suffered damages as a result of the defendant's concealment."

*Rhee v. Highland Dev. Corp.*, 958 A.2d 385, 389 (Md. 2008) (quoting *Lloyd v. Gen. Motors Corp.*, 916 A.2d 257, 274 (2007)).

Ethicon argues that plaintiff cannot establish the requisite elements of a fraud claim. Although plaintiff's Response does not directly address fraudulent concealment, the plaintiff's section regarding fraudulent intent could be construed to respond on this issue. In that section, plaintiff asks the court to look at the information "above, and in the reports of our general experts" (Pl.s' Resp. at 9) but plaintiff's arguments on this issue are conclusory and fail to include legal and factual citations that would aid the court in reviewing the record. After reviewing the record, and drawing all inferences in the light most favorable to the plaintiff, the court **FINDS** that the plaintiff has not met her burden of producing "specific facts showing that there is a genuine [dispute] for trial." *Celotex*, 477 U.S. at 324. Ethicon's motion on this point is **GRANTED**.

### H. Constructive Fraud

Under Maryland law, constructive fraud is a breach of "a legal or equitable duty to the plaintiff in a way that tend[s] to deceive others, to violate public or private confidence, or to injure public interests. For constructive fraud's purposes, a defendant owes an equitable duty to a plaintiff where the parties are in a confidential relationship." *Thompson v. UBS Fin. Servs., Inc.*, 115 A.3d 125, 138 (Md. 2015) (citations, quotation marks, and footnote omitted).

Here, Ethicon argues that the plaintiff cannot establish that she was in a confidential relationship with Ethicon. Plaintiff fails to respond to Ethicon's motion for summary judgment on this claim. After reviewing the record, and drawing all inferences in the light most favorable to the plaintiff, the court **FINDS** that the plaintiff has not met her burden of producing "specific facts showing that there is a genuine [dispute] for trial." *Celotex*, 477 U.S. at 324. Ethicon's motion on this point is **GRANTED**.

### I. Unjust Enrichment

The elements of unjust enrichment in Maryland are: "1. A benefit conferred upon the defendant by the plaintiff; 2. An appreciation or knowledge by the defendant of the benefit; and 3. The acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value." *Hill v. Cross Country Settlements, LLC*, 936 A.2d 343, 351 (Md. 2007) (citations omitted).

Ethicon argues that plaintiff's claim sounds in tort rather than contract and that unjust enrichment sounds only in contract. Aside from checking the unjust enrichment box on her short-form complaint, plaintiff has not proffered any arguments on this claim at any point during this case, including in her original Complaint and in her Response, explaining how she meets the above elements of unjust enrichment. Ethicon's motion on this point is **GRANTED**.

J.  **Remaining Claims**

After considering the parties' proffered arguments and evidence, I **FIND** that genuine disputes of material fact exist regarding the plaintiff's remaining claims. Accordingly, to the extent Ethicon's Motion challenges any other claims, the Motion is **DENIED**.

IV.  **Conclusion**

For the reasons discussed above, it is **ORDERED** that Ethicon's Motion for Summary Judgment [ECF No. 59] is **GRANTED in part** and **DENIED in part**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     December 15, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE